IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Norman T. Dais, | ) Civil Action No.:2:11-00203-JFA-BHH |
| Petitioner, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| v. | ) **OF MAGISTRATE JUDGE** |
| | ) |
| JC Holland, | ) |
| | ) |
| Respondent. | ) |

The Petitioner, currently a federal prisoner, seeks habeas relief for state convictions pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 23; see also Dkt. No. 22.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on or about January 19, 2011. (Dkt. No. 1 at 8 of 8.) On June 1, 2011, the Respondent moved for summary judgment (Dkt. No. 23; see also Dkt. No. 22.) By order filed June 3, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 24.) On or about September 15, 2011, the Petitioner filed a response opposing the Respondent's Motion for Summary Judgment. (Dkt. No. 34.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at the Federal Correctional Institution ("FCI") Ashland in Kentucky. As noted above, however, he is challenging two state convictions. During the January 1988 term of the Horry County grand jury, Petitioner was indicted on two separate counts of Burglary-2nd (88-GS-26-45 and 88-GS-26-48.) On January 13, 1988,

he pled guilty to both indictments. (See Dkt. No. 1 at 1 of 8.) The Honorable Marion Kinon sentenced Petitioner to a term of imprisonment for three years on each indictment, to run consecutively, such that Petitioner's aggregate sentence was six years. (Id.) Petitioner did not appeal either of these two convictions.

On or about March 16, 2006, Petitioner filed an application for post-conviction relief ("PCR") challenging his 1988 convictions.[1] (See Dkt. No. 22-1.) In answering the question on the PCR application concerning whether the Petitioner appealed from the judgment of conviction or imposition of sentence, Petitioner stated that he was "never inform[ed] of that right." (Dkt. No. 22-1 at 2 of 8.) The following questions and answers appeared on his Petition (verbatim):

> 10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:
>
> (a) Lack of jurisdiction
>
> (b) Sixth Amendment violation
>
> (c) Judgment violation State and U.S. Constitution Defendant's right.
>
> 11. State concisely and in the same order the facts which support each of the grounds set out in (10):
>
> (a) because I had no attorneys in this case
>
> (b) State/U.S. Constitution I must have an attorney at all times
>
> (c) Judgment violated my due process rights.

(Id. at 3.) On January 18, 2008, a Conditional Order of Dismissal was filed. (See Dkt. No. 22-3.) The Court found that the doctrine of laches barred the petition, stating,

---

[1] Respondent notes that this is an "***unsworn***" application. (See Mem. in Supp. at 2.) Although Petitioner signed the "verification" section of the PCR application, there is no signature of a notary. (See Dkt. No. 22-1 at 6 of 8.) Also attached to the Petition, however, is a document purporting to explain why Petitioner "can't get the PCR application notarized." (See Dkt. No. 22-1 at 8 of 8.)

> In the present matter, Applicant's almost twenty-year delay has greatly prejudiced the Respondent. A transcript of Applicant's guilty plea is now unavailable. It is therefore impossible for the State to respond to some, if not all, of Applicant's allegations. If Applicant had sought post-conviction relief within a reasonable time after his guilty plea, this problem would not exist. Furthermore, the Applicant has alleged no reason for his nearly twenty-year delay in filing his Application. The Applicant was fully aware of his right to file a post-conviction relief application because he filed an application on February 28, 1992 (1992-CP-26-0876), challenging his December 18, 1991 guilty pleas to burglary and grand larceny (1991-GS-26-2145 & -2146).

(Id. at 2-3.) On March 14, 2008, Petitioner's action was dismissed. (Dkt. No. 22-4 at 1 of 4.) The Final Order of Dismissal was signed by the Honorable J. Michael Baxley on March 5, 2008; Judge Baxley dismissed the application for the reasons set forth in the Conditional Order of Dismissal. (Id. at 3-4.)

On or about November 25, 2008, Petitioner filed a second PCR action challenging, *inter alia*, his 1988 convictions. (See Dkt. No. 22-5.) Like in the March 16, 2006 application, Petitioner stated that he did not appeal the judgment of conviction or the imposition of the sentence because he "never was inform[ed] of that right," and he "was never represented by attorneys." (Dkt. No. 22-5 at 2 of 8.) The following questions and answers appeared on his Petition (verbatim):

> 10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:
>
> (a) Sixth Amendment violation / newly discovered evidence
>
> (b) conviction was obtained in violation of South Carolina defense of indigence
>
> (c) conviction was obtained in violation of the South Carolina Constitution.
>
> 11. State concisely and in the same order the facts which support each of the grounds set out in (10):
>
> An Affidavit from Public Defender Office and transcript Clerk of Court office letters

3

> (a) Applicant was never appointed counsel as required by the South Carolina law
>
> (b) South Carolina Defense of Indigence Act required that every person who arrested will have counsel, S.C. Code 17-3-10
>
> (c) South Carolina Constitution required that every person who arrested will have counsel.

(Id. at 3.)

On January 6, 2009, a Conditional Order of Dismissal was filed. (See Dkt. No. 22-7.) This Conditional Order stated, *inter alia*,

> This Court first finds that the Application must be summarily dismissed because the Applicant fails to allege that he is suffering under continuing prejudice from his 1986 and 1988 convictions. An applicant may bring a PCR action only if he demonstrates he is prejudiced by persistent results of his conviction. Here, the Applicant has fully served his state sentences under these indictments, and is currently in federal custody for wholly separate offense(s). Accordingly, the Application must be summarily dismissed because the Applicant failed to allege facts that give him standing to bring this action.

(Dkt. No. 22-7 at 3 of 5.) The Application was also dismissed because it was impermissibly successive, and the Court rejected Petitioner's claim of newly discovered evidence, stating,

> The Applicant's claim of newly-discovered evidence does not meet the requirements of S.C. Code Ann. § 17-27-45(C), such that he would be permitted to bring a successive application. Mr. Dais raised the exact same Sixth Amendment allegation previously, and could have, using due diligence, requested the documents in support of his claim (attached to his Application) at the time his filed his last Application, or at any point in the last twenty years.

(Id. at 4.) The Court also concluded that Petitioner failed to comply with the statute of limitations. (Id.) On March 9, 2009, Judge Baxley signed a Final Order of Dismissal, denying and dismissing the Application "for the reasons set forth in the Court's Conditional Order of Dismissal." (Dkt. No. 22-8 at 3.)

The Petitioner then filed the instant habeas action raising one ground for review (verbatim):

4

> **Ground One**: Sixth Amendment rights to effective assistance of counsel was violated/lack of counsel at guilty plea.
>
> **Supporting Facts**: On Jan 13, 1988 Petitioner was represented by an attorney in Court Case 1988-GS-26-0045, 0048. In 2010 Petitioner contacted the South Carolina Bar after seen a article about non-licensed attorney in South Carolina and the Bar told Petitioner that this attorney was not licensed in South Carolina in 1988 (Ms. Besscena Cobb) (See exhibits).

(Dkt. No. 1 at 5 of 8.) In his Memorandum in Support of his Petition, Petitioner contends that he is entitled to relief because "Besscena Cobb was never a licensed attorney." (Dkt. No. 1-2 at 1 of 2.) Petitioner states,

> On Jan 13, 1988 Petitioner was represented by an attorney in Court Case 1988-GS-26-0045, 0048. On March 3, 2009 Horry County Clerk of Court told me that Ms. Besscena Cobb was my "attorney" in that case. On March 15, 2009 I contacted "all" of the former Horry County Public Defender's who worked in that office at the time in 1988 during my researched I found out that Ms. Cobb was a law clerk in 1988. On March 26, 2010 I contacted the new chief public defender's of Horry County who told me that Ms. Cobb was a public defender. On June 24, 2010 I contacted the South Carolina Supreme Court and asked their office if Ms. Besscena Cobb was a licensed attorney in 1988 (See exhibit).

(Id.) Petitioner contends his Sixth Amendment right to counsel was "automatically violated" and that he does not need to show prejudice because his "defense counsel was never a lawyer during his 1988 proceedings." (Id.)

## **APPLICABLE LAW**

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597

5

F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION[2]

Respondent moved for summary judgment on June 1, 2011. (Dkt. No. 23; Dkt. No. 22.) Respondent asserts he is entitled to summary judgment because (a) the "entire petition is barred by the statute of limitations," and (b) Ms. Cobb was a member of the South Carolina Bar in 1988. (Mem. in Supp. at 7-8.) In his Response in Opposition to the Motion for Summary Judgment, Petitioner attempts to *substantially* alter his claim for relief. (See Dkt. No. 34.) Instead of presenting evidence that Ms. Cobb was not a licensed attorney in 1988, it appears that Petitioner now seeks to assert that Besscena Cobb was not his attorney. (Id. at 1.) He states that he "has a[] letter from Mrs. Besscena Cobb-Wilson corroborating that she was not the counsel in the Petitioner['s] 1988 state conviction." (Id.) Petitioner also asserts that the court reporter's notes "that the Responent[ is] relying" upon have "been altered from [their] original state." (Id.) Petitioner further contends that the instant action is timely.

**A. Statute of Limitations**

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, an inmate who is incarcerated "pursuant to the judgment

---

[2]The undersigned notes that it is not clear whether Petitioner is "'in custody pursuant to the judgment of a State court." See 28 U.S.C. § 2254(a). On February 15, 2011, Special Interrogatories were sent to Petitioner in an attempt to answer this question. (See Dkt. No. 10; Dkt. No. 10-1.) Although Petitioner answered the interrogatories, his answer is unclear, as he suggests both that he has served the sentences and that he is still in custody for those sentences. (See Dkt. No. 13.) Respondent did not address this issue.

of a State court" and who seeks federal post-conviction habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). The one-year period to file a § 2254 petition, however, is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)." (internal quotation marks omitted) (alteration in original)). In Pace, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. Id. at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

Even if the limitations period is not tolled under the statute, a § 2254 petition may nevertheless be timely if the petitioner can demonstrate that he is entitled to equitable tolling

7

of the limitations period. The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (quoting Pace, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. Id. at 2563.

Respondent contends that because Petitioner's convictions were final before April 24, 1996, the effective date of the AEDPA, Petitioner "should have filed his habeas corpus application on or before April 24, 1997." (Dkt. No. 22 at 7.) Respondent further contends that–even assuming Petitioner's 2006 and 2008 PCR applications "restarted a one year time frame"–Petitioner "failed to file his habeas action by one year after either March 5, 2008 (2006-CP-26-1216) or March 16, 2009 (2008-CP-26-9643)." (Id.)

The undersigned agrees with Respondent that the instant petition was not filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A). Based on Petitioner's filings, however, it appears he contends his petition is timely pursuant to § 2244(d)(1)(D). The undersigned disagrees. To the extent that Petitioner claims he had **no attorney at all**, that claim is untimely. On March 26, 2009, Petitioner filed a civil action in this court against Melanie Huggins, Horry County Clerk of Court. See Dais v. Huggins, No. 8:09-cv-01064-JFA. The "Statement of Claim" section of his Complaint in that action states (verbatim):

> Petitioner Sixth Amendment Right to counsel was violation in his 1988, 1986 felony convictions when Ms. Melanie Huggins the Horry County Clerk of Court fail to follow State Law that required her to appoint counsel when convictions led to imprisonment. Those convictions was later use to enhanced punishment in a subsequent prosecution in violation of Petitioner Sixth

8

> Amendment Right to counsel as the court will see that Mrs. Melanie Huggins did not follow that law.

(Compl. at 3 in No. 8:09-cv-01064-JFA.) Plaintiff thus clearly had notice of this claim on March 26, 2009, but did not file the instant habeas petition until January 19, 2011.[3] The claim that he had **no attorney at all** is therefore untimely.[4] The undersigned will address Petitioner's claim that Ms. Cobb was not a licensed attorney in 1988 in the following section.

**B. Whether Ms. Cobb Was a Licensed Attorney**

As noted above, Petitioner appears to have altered his claim for relief in his Response in Opposition to the Motion for Summary Judgment. (Dkt. No. 34.) While it is unclear whether Plaintiff wishes to proceed on his claim that Ms. Cobb was not a licensed attorney in South Carolina in 1988, the undersigned will address this claim out of an abundance of caution.

As illustrated by Respondent's filings, an attorney named Besscena Manigault Wilson was admitted to the South Carolina Bar on November 16, 1983. (See Dkt. No. 22-15.) Furthermore, a letter dated April 8, 2011, from Daniel E. Shearhouse, Clerk of Court for the Supreme Court of South Carolina, to Petitioner states, *inter alia,*

> As indicated in this office's letter of June 24, 2010, we do not show that a Bessena Cobb was licensed to practice law in South Carolina during the period of 1988 to 1991. As you are aware, there is a Bess<u>c</u>ena Manigault Wilson, who was admitted in 1983 under the last name of Manigault, but used the last name of Cobb for some period of time.

(Dkt. No. 22-16.)

---

[3] Petitioner made similar claims in Dais v. Huggins, No. 8:08-cv-03629-JFA, as well as in his PCR applications.

[4] The doctrine of equitable tolling provides no relief to Petitioner. As illustrated by his filing the case of Dais v. Huggins, No. 8:09-cv-01064-JFA, no extraordinary circumstances stood in his way and prevented him from timely filing his habeas petition.

In his Response in Opposition, Petitioner presents a letter dated June 2, 2009, from Jeffrey P. Bloom, Esquire. (See Dkt. No. 34-1 at 5 of 19.) This letter states, in relevant part,

> This letter is to confirm that to the best of my recollection I did not represent you in the above-named case in 1988 in Horry County while I was employed at the Horry County Public Defender's Office.
>
> Further, it appears that the Horry County Public Defender Office has researched its own records for that time period, and there is no record of that Office having represented you on the above-named charge. Thus, since I was an attorney and a full-time employee of the Horry County Public Defender Office from 1985 – 1992, and since that Office has no record of representing you on the above-named charge, then it appears I could not have represented you on this charge.

(Id.) Petitioner also filed the Affidavit of Theresa S. Stanton, a paralegal with the Horry County Public Defender's Office. (See Dkt. No. 34-1 at 17 of 19.) That Affidavit states,

> The Public Defender of Horry County has no record of representing NORMAN DAIS on Indictment Numbers 1988-GS-26-48, 1988-GS-26-45, and 1986-GS-26-1412. If we had represented this defendant, our office would have filed with the Horry County Clerk of Court a Certificate of Representation and a Brady Motion identifying the attorney of record. As far as our records indicate, no such documents were ever filed.

(Id.) Although Petitioner refers in his Response in Opposition to a letter from Ms. Cobb-Wilson "corroborating that she was not the counsel in the Petitioner['s] 1988 state conviction," no such letter is attached. (See Dkt. No. 34 at 1.)

No evidence in the record support's Petitioner's contention that Ms. Cobb was not licensed to practice law in South Carolina in 1988; the undisputed evidence shows that she was so licensed. Furthermore, as noted above, Petitioner's claim that he had **no attorney at all** is time-barred. Given that there is no genuine issue of material fact, the undersigned recommends granting Respondent's Motion for Summary Judgment.

10

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 23) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 26, 2012
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).